IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| JOYCE CHAVIS, | ) | Civil Action No.: 6:05-cv-1793-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commission of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

Pending before the court is Defendant's [Docket Entry #23] motion for summary judgment.

### Procedural History and Factual Background

The case was initiated on June 23, 2005. The Complaint sets forth claims for discrimination based on age and race and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, this matter was referred to United States Magistrate Judge Bruce H. Hendricks for pretrial handling. The Magistrate Judge issued a Report and Recommendation ("Report") on the pending motion on February 8, 2007, in which she recommended that summary judgment be granted in favor of the Defendant as to all of the Plaintiff's claims.

On February 20, 2007, the Plaintiff filed Objections to the Report. On February 27, 2006, the Defendant filed a Reply to the Plaintiff's Objections.

The facts of this case are set forth in detail in the Report of the Magistrate Judge and do not need to be restated here. The court hereby incorporates by reference pages 1 through 3 of the Report. Report and Recommendation, pgs. 1-3 [Docket Entry #40]. However, to briefly summarize the basis of Plaintiff's claims, the Plaintiff's race, age and retaliation claims all stem from an alleged discriminatory failure to promote the Plaintiff. Plaintiff alleges that the Defendant's failure to promote her to one of two Technical Expert ("TE") positions in March of 2001 constituted race discrimination and age discrimination. Race discrimination because one of the TE positions was awarded to a less qualified white female and age discrimination because the other TE position was awarded to a less qualified younger black female. Plaintiff bases her retaliation claim on the fact that she was not promoted to the position of Management Support Specialist ("MSS") in November of 2002 after she filed an Equal Employment Opportunity Commission ("EEOC") claim in April of 2001. Plaintiff also alleges that the failure to promote her to the MSS position in November of 2002 constituted racial discrimination because the position was awarded to a less qualified white female.

## Standard of Review

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

## Analysis

Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987). The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). When the defendant is the moving party and the plaintiff has the ultimate burden of proof on an issue, the defendant must identify the parts of the record that demonstrate the plaintiff lacks sufficient evidence. The nonmoving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). A party "cannot create a genuine issue of

3

material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995).

I.     Race Discrimination

Plaintiff's racial discrimination claims are based on the Defendant's failure to promote her in March of 2001 and November of 2002. In both circumstances, the Plaintiff alleges that the Defendant promoted a less qualified white female to the position instead of her. In order to establish a *prima facie* case of racial discrimination based on a failure to promote under Title VII, the plaintiff must establish that: 1) she is a member of a protected class; 2) she applied for the position in question; 3) she was qualified for that position; and 4) the defendant rejected her application under circumstances that give rise to an inference of unlawful discrimination. *Bryant v. Aiken Regional Medical Centers, Inc.*, 333 F.3d 536, 544-45 (4th Cir. 2003); *Brown v. McLean*, 159 F.3d 898, 902 (4th Cir. 1998). If the plaintiff establishes a *prima facie* case of discriminatory failure to promote, the employer may rebut the plaintiff's case by articulating legitimate, nondiscriminatory reasons for its decision demonstrating that the person promoted was more qualified for the position than the plaintiff. *Amirmokri v. Baltimore Gas & Electric Co.*, 60 F.3d 1126, 1129 (4th Cir. 1995). The plaintiff must then "prove that the employer's articulated reason for promoting the successful applicant was merely pretext." *Amirmokri*, 60 F.3d at 1129-30. A plaintiff may attempt to prove that the employer's reasons for promoting the successful applicant were a pretext by presenting evidence that she was more qualified for the position than the successful applicant. *See Ash v.*

*Tyson Foods, Inc.*, 126 S.Ct. 1195, 1197 (2006). A plaintiff may also prove pretext by submitting evidence that calls into question the veracity of the employer's reasons for the promotion decision. *Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 269 (4th Cir. 2005); *Dennis v. Columbia Colleton Medical Center, Inc.*, 290 F.3d 639, 648-49 (4th Cir. 2002). In this case, the Plaintiff attempts to prove pretext only by arguing that she was demonstrably more qualified for the positions in question. The Plaintiff does not attempt to amass "circumstantial evidence that otherwise undermines the credibility of the employer's stated reasons." *Heiko v. Colombo Savings Bank, F.S.B.*, 434 F.3d 249, 259 (4th Cir. 2006).

The Fourth Circuit has held that when comparing the relative qualifications of two candidates, the plaintiff must make a strong showing that her qualifications are *demonstrably superior* to the qualifications of the successful employee. *Heiko*, 434 F.3d at 261-62. Further, where "a plaintiff asserts job qualifications that are similar or only slightly superior to those of the person eventually selected, the promotion decision remains vested in the sound business judgment of the employer." *Id*. at 261.

A.   March 2001 Failure to Promote

The Magistrate Judge recommended that the Plaintiff's racial discrimination based on the failure to promote should be dismissed because the Plaintiff had presented a dubious *prima facie* case and had failed to present any evidence that the Defendant's reasons for denying her the promotion to the TE position were pretextual. Specifically, the Magistrate Judge found that the Plaintiff had failed to establish that the Defendant's reasons for the promotion decision were pretextual because the Plaintiff had not presented sufficient evidence to show that the Plaintiff's qualifications for the TE position were *demonstrably superior* to the qualifications of

5

the white female, Joan Triplett, who was awarded the promotion. The Plaintiff objected arguing that the Magistrate Judge weighed the evidence rather than determining whether there was a genuine issue of material fact which had to be resolved at trial. Plaintiff also objected to the Magistrate Judge's recommendation arguing that the two affidavits of Charles Barber created a genuine issue of material fact as to whether the Plaintiff's qualifications were *demonstrably superior* to those of Triplett, the white female who was promoted.

The Magistrate Judge thoroughly analyzed the qualifications of the Plaintiff and Triplett. The Magistrate Judge found, and this court agrees, that both the Plaintiff and Triplett were well-qualified for the TE position. The Defendant argues that the reason the promoted employee was chosen over the Plaintiff related to Plaintiff's communication skills, ability to work with others, approachability, and rapport with her co-workers. Personality, communication skills, and interpersonal behavior are acceptable bases for distinguishing between otherwise eligible candidates. *See, e.g. Strag v. Board of Trustees, Craven Community College*, 55 F.3d 943, 949 (4th Cir. 1995). The Plaintiff argues that the following portion of Charles Barber's affidavit shows that the Defendant's reasons were pretextual:

> It has been my observation that Joyce Chavis makes herself accessible or shows a willingness to help others. The newest Claims Representative in the office relies on Ms. Chavis more than others for help. I have not observed people utilizing Ms. Chavis' services any more or less than the services of the Claims Representatives who were selected as Technical Experts.

Barber Affidavit, ¶ 4 [Docket Entry #32-2]. The Magistrate Judge concluded, and this court agrees, that at best, this statement shows that the Plaintiff was as qualified as Triplett with regard to communication skills and ability to work with others. The Plaintiff has failed to

6

submit evidence sufficient to create a genuine issue of material fact as to whether her qualifications for the position of TE were demonstrably superior to the qualifications of the promoted employee. Therefore, Plaintiff's race discrimination claims based on the March 2001 failure to promote must fail.

B.     November 2002 Failure to Promote

The Magistrate Judge did not specifically address the November 2002 failure to promote race discrimination claim but recommended summary judgment be granted in favor of Defendant. However, and notably, the Plaintiff did not object on that basis to the Magistrate Judge's recommendation that her racial discrimination claims be dismissed. The court need not even address the matter without a specific objection.

II.    Age Discrimination

Plaintiff's age discrimination claims are based on the Defendant's failure to promote her in March 2001 to the TE position and instead promoting Janice Burton, a less qualified, younger black female. To establish a *prima facie* case of discriminatory failure to promote based on age, the plaintiff must establish that: 1) she was at least 40 years old; 2) her employer had an open position for which she applied and was qualified; 3) she was rejected despite her qualifications; and 4) the position remained open or was filled by a similarly qualified applicant who was substantially younger than the plaintiff, whether within or outside the class protected by the ADEA. *See O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 310-12 (1996).

The Magistrate Judge noted that it was undisputed that the Plaintiff had established a *prima facie* case of age discrimination. The Defendant's legitimate, nondiscriminatory reasons

for its promotion decision again were related to the Plaintiff's communication skills, ability to work with others, approachability, and rapport with her co-workers.

The Magistrate Judge again analyzed the Plaintiff's and Burton's qualifications and concluded that both employees were well-qualified for the TE position. The Magistrate Judge recommended the Plaintiff's age discrimination claim be dismissed because no reasonable jury could conclude that the Plaintiff was demonstrably more qualified for the position than Burton. This court disagrees with the Magistrate Judge on that point. Even though the Plaintiff's claim of age discrimination is weak, viewing the evidence in a light most favorable to the Plaintiff, she has submitted evidence sufficient to create a genuine issue of material fact as to whether she was demonstrably more qualified for the TE position than Burton.

Charles Barber's affidavit states that the Plaintiff makes herself accessible and shows a willingness to help others. Barber Affidavit, ¶ 4 [Docket Entry #32-2]. Barber's affidavit also states that the newest Claims Representative in the office relies on the Plaintiff for help more than the others. *Id*. Barber's affidavit coupled with the fact that the Plaintiff had approximately 21 more years with the SSA than Burton is evidence from which a reasonable jury could conclude that the Plaintiff was demonstrably more qualified for the TE position than Burton. Unlike the Plaintiff's racial discrimination claim discussed above where the promoted white employee and the Plaintiff possessed strikingly similar qualifications and experience, the Plaintiff's age discrimination case is based on the promotion of a younger black female employee who had substantially less experience with the SSA than the Plaintiff. Again, even though the court believes the Plaintiff's age discrimination case is weak, the court cannot weigh the evidence and must instead view the evidence in a light most favorable to the

8

Plaintiff drawing all reasonable inferences in her favor. For those reasons, the Defendant's motion for summary judgment is denied with regard to the Plaintiff's age discrimination claim based on the March 2001 failure to promote.

III.  Retaliation

Plaintiff's retaliation claim is based on the Defendant's failure to promote her in November 2002 to the MSS position. The Plaintiff alleges that the failure to promote her in November 2002 was retaliation for the EEOC claim she filed in April 2001. The elements of a *prima facie* case of retaliation are: 1) plaintiff was engaged in protected activity; 2) plaintiff suffered an adverse employment action; and 3) there is a causal nexus between the protected activity and the adverse action. *McNairn v. Sullivan*, 929 F.2d 974, 980 (4th Cir. 1991).

In this case, it is undisputed that the Plaintiff has established that she suffered an adverse employment action and that she was engaged in protected activity. The dispute lies in whether the Plaintiff has established a causal nexus between her filing an EEOC claim and the failure to promote her in November 2002. The Magistrate Judge recommended that the Plaintiff's retaliation claim be dismissed because the Plaintiff failed to establish a causal nexus between her filing of an EEOC claim and the failure to promote her in November 2002. The Magistrate Judge also stated that even if Plaintiff had established such a nexus, she could not overcome the Defendant's legitimate, nondiscriminatory reasons for its promotion decision. Again, the Defendant articulated that the reason for the promotion decision was based on the Plaintiff's interpersonal skills.

The Plaintiff objects arguing that she submitted evidence that the employee promoted instead of her in November 2002 was "woefully" unqualified for the position. The Plaintiff

9

alleges that after a Review Team conducted an investigation of the Greenville, South Carolina Social Security Administration Office, this less qualified white female was demoted back to the position of Claims Representative.  The Plaintiff also points to the affidavit of Charles Barber, which states "I feel that [the Plaintiff] is now branded for making that complaint." Affidavit of Charles Barber, ¶ 7 [Docket Entry #25-6].  Charles Barber sat on the Plaintiff's interview panel for the MSS position.  Barber's affidavit also states that he felt that the Plaintiff was the most qualified candidate, but the other panelists wanted to select Marian Briscoe, the employee who was awarded the promotion. Affidavit of Charles Barber, ¶ 6 [Docket Entry #25-6].  Barber's subjective beliefs do not create a genuine issue of material fact as to whether the Plaintiff was more or less qualified for the MSS position than Briscoe.

However, the Plaintiff's allegation that a Review Team subsequently demoted Briscoe to the position of Claims Representative, a point which the Defendant denies, does create a genuine issue of material fact as to whether the failure to promote the Plaintiff to the MSS position was causally connected to the Plaintiff's filing of an EEOC charge.  "Normally, very little evidence of a causal connection is required to establish a *prima facie* case" of retaliation. *Tinsley v. First Union Nat. Bank*, 155 F.3d 435, 443 (4th Cir. 1998).  As with the Plaintiff's age discrimination claim, the court believes that the Plaintiff's retaliation claim is weak.  However, viewing the evidence in a light most favorable to the Plaintiff, the Plaintiff has established a *prima facie* case of retaliation.

Therefore, the court must now consider the Defendant's legitimate, nondiscriminatory reasons for its promotion decision.  The Defendant again asserts that the reason the Plaintiff was not promoted was based on the Plaintiff's interpersonal skills.  The Defendant asserts that

Briscoe was "better qualified" for the MSS position than the Plaintiff with regard to her ability to work with others and her communication skills. However, the Plaintiff alleges that Briscoe was removed from the MSS position following a review by the Atlanta SSA office. The Plaintiff also had approximately 20 years more experience with the SSA than Briscoe. Charles Barber's affidavit statement that he had observed that the Plaintiff makes herself accessible to others and shows a willingness to help others also warrants consideration.

Viewing this evidence in a light most favorable to the Plaintiff, there is a genuine issue of material fact as to whether the Plaintiff's qualifications for the MSS position were demonstrably superior to the qualifications of the promoted employee. Accordingly, Defendant's motion for summary judgment with regard to Plaintiff's retaliation claim is denied.

## Conclusion

For the reasons stated above, the court overrules Plaintiff's objections in part and sustains Plaintiffs objections in part and adopts in part and rejects in part the Report and Recommendation of the Magistrate Judge. Finding no genuine issue of material fact regarding the Plaintiff's race discrimination claims, the Defendant's are entitled to summary judgment as a matter of law with regard to the race discrimination claims. However, there is a genuine issue of material fact with regard to the Plaintiff's claims of age discrimination and retaliation which precludes summary judgment. Accordingly, the Defendant's [Docket Entry #23] motion for summary judgment is **GRANTED** with respect to the Plaintiff's race discrimination claims and **DENIED** with respect to the Plaintiff's age discrimination and retaliation claims.

**IT IS SO ORDERED**.

(Signature page to follow)

|  |  |
|---|---|
| March 31, 2007 | s/ R. Bryan Harwell |
| Florence, South Carolina | R. Bryan Harwell |
|  | United States District Court Judge |